(Pleito No. 222.—Fallado el 5 de Noviembre de 1902.)

## BIRD contra LÓPEZ.

RECURSO contra sentencia dictada por el Tribunal de Distrito de Humacao,

1.—RESCISIÓN DE CONTRATOS.—De acuerdo con la regla 3ª del artículo 1,291 del Código Civil, un contrato puede rescindirse si se ha celebrado en fraude de acreedores, siempre que éstos no puedan de otro modo cobrar lo que se les deba.

2.—ENAJENACIONES FRAUDULENTAS. Se presumirán fraudulentas las enajenaciones á título oneroso, hechas por aquellas personas contra las cuales se hubiere pronunciado antes sentencia condenatoria en cualquier instancia, ó expedido mandamiento de embargo de bienes.

3.—ADMISIBILIDAD DE RECURSOS. No será procedente un recurso basado en la sección 7 del artículo 1690, es decir, por error en la apreciación de las pruebas, cuando no se haga constar en dicho recurso si el error en cuestión es de derecho ó de hecho.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á cinco de Noviembre de mil novecientos dos, en el pleito seguido ante el Tribunal de Distrito de Humacao por Don José Joaquín y Doña Mercedes Alejandrina López Becerril contra Don Guillermo Bird y León y las Sucesiones de Don José Calixto Bajandas y Doña Julia Mulers de Bajandas, sobre rescisión de escrituras; pleito pendiente ante Nos, en virtud de recurso de casación por infracción de ley interpuesto por las partes demandadas, á las que ha representado y dirigido en esta Corte Suprema el Letrado Don Manuel F. Rossy, habiendo llevado la representación y defensa de los demandantes sucesivamente, los Letrados Don Herminio Díaz Navarro y Don Juan Hernández López.—Resultando: Que Don José Joaquín y Doña Mercedes Alejandrina López Becerril solicitaron y obtuvieron del suprimido Juzgado de 1ª Instancia de Humacao, embargo preventivo contra la sociedad "Guillermo Bird é Hijo," para asegurar el cobro de cuatro mil setecientos cincuenta y siete pesos, diez y siete centavos, que representaban dos pagarés suscritos por la referida sociedad á favor de Don José Antonio Becerril, por

cuyo fallecimiento fué adjudicado dicho crédito á sus here-
deros los expresados Don José Joaquín y Doña Mercedes
Alejandrina López Becerril, embargo que se practicó con
fecha quince de Julio de mil ochocientos ochenta y siete,
entre otros bienes, en una casa sita en la calle "Real" del
pueblo de Fajardo, esquina á la de la "Palma," y en otra
casa ubicada en la calle principal del entonces pueblo de la
Ceiba; y habiendo deducido demanda en treinta de Julio
citado, ante el propio Juzgado de Humacao, los ya mencio-
nados Don Joaquín y Doña Mercedes Alejandrina López
Becerril contra la sociedad "Guillermo Bird é Hijo," para que
fueran condenados al pago del crédito en cuestión, fué admi-
tida la demanda por auto de tres de Agosto siguiente, ratifi-
cándose á la vez el embargo preventivo practicado, y sustan-
ciado el juicio, en el que fué representada la sociedad
demandada por el Procurador Don José Calixto Bajandas,
recayó sentencia en trece de Diciembre de mil ochocientos
noventa y dos, que fué confirmada por la Audiencia Terri-
torial en trece de Octubre del año siguiente, condenando al
pago á Guillermo Bird é Hijo, quienes interpusieron contra
el fallo recurso de casación que el Tribunal Supremo de
España declaró sin lugar por resolución de once de Marzo
de mil ochocientos noventa y seis; sin que el embargo
preventivo y su ratificación se anotaran en el Registro de la
Propiedad de Humacao.—Resultando: Que por escritura
pública de diez y nueve de Junio del mismo año de mil
ochocientos noventa y seis, Don Guillermo Bird confesó
haber recibido de Don José Calixto Bajandas, en diferentes
partidas y fechas, la suma de cuatro mil trescientos pesos en
concepto de préstamo, con el interés de uno por ciento men-
sual, y á plazos de dos años que vencería en diez y ocho de
Junio de mil ochocientos noventa y ocho, hipotecando
á favor de Bajandas, para garantir el pago de dicho crédito,
las dos casas de que se deja hecho mérito y de que aquél era
propietario.—Resultando: Que muertos Don José Calixto
Bajandas y su consorte Doña Julia Mulers, procedieron los

interesados á practicar las operaciones divisorias del caudal relicto, y en el inventario de dicho caudal, practicado en ocho de Octubre de mil ochocientos noventa y ocho y protocolado en la Notaría de Humacao á cargo de Don Antonio Aldrey, con fecha treinta y uno de Enero de mil ochocientos noventa y nueve, no figura el crédito reconocido por Don Guillermo Bird á favor de Bajandas, si bien en veinte y siete de Noviembre del año siguiente los herederos levantaron acta adicional á las operaciones protocoladas de partición de bienes, en cuya acta, protocolada en la misma Notaría con fecha veinte y nueve del citado Noviembre, hicieron constar que había aparecido un crédito á favor del finado Bajandas, del cual no tenían conocimiento por haberse traspapelado el testimonio de la escritura, siendo ese crédito el reconocido por Don Guillermo Bird á favor de Bajandas en escritura de diez y nueve de Junio de mil ochocientos noventa y seis, por la suma de cuatro mil trescientos pesos, de cuyo crédito con sus intereses hicieron la distribución y adjudicación correspondiente.—Resultando: Que por otra escritura de veinte y siete de Noviembre de mil ochocientos noventa y nueve, las sucesiones de Bajandas y de la Mulers concedieron á Don Guillermo Bird una prórroga para el pago del crédito hipotecario contraído, á contar desde la fecha del vencimiento de la obligación hasta el día último de Diciembre del expresado año, otorgándole, además, carta de pago por los intereses vencidos hasta el diez y ocho de Junio del noventa y ocho.—Resultando: Que en cinco de Mayo de mil novecientos los hermanos don José Joaquín y Doña Mercedes Alejandrina López Becerril dedujeron ante la Corte de Distrito de Humacao demanda contra Don Guillermo Bird y las sucesiones de Don José Calixto Bajandas y Doña Julia Mulers, en la que consignaron como hechos los antecedentes que quedan referidos é invocando, como fundamentos de derecho, los artículos 4, 1,111, 1,291, números 3 y 4, 1,297, incisos 1 y 2, y 1,299 del Código Civil, y los 33 y 41, números 1 y 3 de la Ley Hipotecaria,

concluyeron con la súplica de que, por definitiva se rescindieran y declararan rescindidas, como de ningún valor ni efecto legal, la escritura hipotecaria de diez y nueve de Junio de mil ochocientos noventa y seis, otorgada en la Ciudad de Humacao ante el Notario Don Marcelino Estévanez, entre Don Guillermo Bird y Don José Calixto Bajandas, y el acta notarial adicional de fecha posterior que otorgaron los herederos del propio Bajandas y su finada esposa Doña Julia Mulers, con relación al crédito de Bird á favor de Bajandas.—Resultando: Que conferido traslado de la demanda á Don Guillermo Bird y León y á las sucesiones de Don José Calixto Bajandas y de Doña Julia Mulers, lo evacuó el primero con súplica de que se le absolviera de aquélla, con las costas á cargo de la parte actora, alegando al efecto varios de los hechos ya relacionados y principalmente la circunstancia de no haberse anotado en el Registro de la Propiedad de Humacao el embargo de las dos casas que hipotecó á favor de Bajandas, é invocando como fundamentos de derecho los artículos 4 y 1,294 del Código Civil, 34, 36 y 139 de la Ley Hipotecaria, y 1,407 de la Ley de Enjuiciamiento Civil; y si bien fueron declaradas rebeldes las sucesiones de Don José Calixto Bajandas y de Doña Julia Mulers, posteriormente se personaron en el juicio, sin haber evacuado el trámite de contestación.—Resultando: Que practicada prueba documental á instancia de la parte actora y de las sucesiones demandadas, el Tribunal de Distrito de Humacao, por sentencia de quince de Marzo del próximo año pasado, declaró con lugar la demanda interpuesta, y en su consecuencia rescindidas y sin valor ni efecto legal la escritura hipotecaria otorgada en diez y nueve de Junio de mil ochocientos noventa y seis por Don Guillermo Bird y León á favor de Don José Calixto Bajandas y Acevedo, ante el Notario de Humacao Don Marcelino Estévanez, y el acta adicional á la partición de bienes de los esposos Don José Calixto Bajandas y Acevedo y Doña Julia Mulers Delgado, de fecha veinte y nueve de Noviembre de

mil ochocientos noventa y nueve, que tuvo lugar ante
el Notario de la misma Ciudad Don Antonio de Aldrey,
mandando cancelar las inscripciones de dichas escrituras
hechas en el Registro de la Propiedad del Distrito de
Humacao, con las costas á cargo de Don Guillermo Bird y
sucesiones de Don Calixto Bajandas y Doña Julia Mulers.—
Resultando : Que contra esa sentencia ha interpuesto la
representación de ambos demandados recurso de casación
por infracción de ley, autorizado por los números 1º, 3º y 7º
del artículo 1,690 de la Ley de Enjuiciamiento Civil y por
la regla 79 de la Orden General número 118, serie de
mil ochocientos noventa y nueve, estando concebido el
escrito de interposición del recurso, por lo que atañe á sus
motivos, en los siguientes términos:— "Primer caso de casa-
ción.—Alego las infracciones siguientes:—1ª Según el artículo
603 del Código Civil, 'para determinar los títulos sujetos á
inscripción ó anotación, la forma, efectos y extinción de las
mismas, la manera de llevar el Registro y valor de los
asientos de los libros, se estará á lo dispuesto en la Ley
Hipotecaria.'—Aquí se trata de dos títulos sujetos á inscrip-
ción é inscritos en el Registro, porque la validez de la hipo-
teca así lo requiere, en virtud del artículo 1,875 del Código
Civil.—Luego debe estarse á la Legislación Hipotecaria, en
lo referente á la forma, efectos y extinción de estos títulos
sujetos á inscripción.—2ª También dispone el artículo
1,880 del mismo Código, que la forma, efectos y extensión de
la hipoteca, así como lo relativo á su constitución, modifi-
cación y extinción y á lo demás que no haya sido compren-
dido en este capítulo 3º, título 151, libro 4º, queda sometido
á las prescripciones de la Ley Hipotecaria.—Tal artículo
que completa el 608, ya invocado, demuestra que á este
pleito no ha debido aplicarse exclusivamente la legislación
civil ó común, como ha hecho el Tribunal sentenciador ;
porque se trata de la rescisión de una hipoteca que está
comprendida en la frase 'y á lo demás que no haya sido
comprendido en este capítulo', del artículo 1,880.—3ª   El

artículo 606 del mismo Código dispone que 'los títulos de dominio ó de otros derechos reales sobre bienes inmuebles que no estén debidamente inscritos ó anotados en el Registro de la Propiedad, no perjudican á tercero.'—De modo que la hipoteca de Bajandas y su adjudicación á los herederos de éste, inscritos en el Registro, perjudican á los demandantes López Becerril, que son terceros; y el embargo preventivo que éstos no anotaron en el Registro no perjudica á Bajandas ni á sus herederos, que son terceros respecto de López Becerril; porque es tercero—artículo 27 de la Ley Hipotecaria—aquél que no ha intervenido en el acto ó contrato inscrito.—4ª   El artículo 1,857 del Código enumera como requisitos esenciales de la hipoteca:—1º   Que se constituya para asegurar el cumplimiento de una obligación.—2º   Que la cosa hipotecada pertenezca en propiedad á quien la hipoteca, y — 3º   Que esta persona tenga la libre disposición de sus bienes.—Tales requisitos concurren en el caso de autos, y la sentencia viola ese precepto legal, al negar eficacia á la hipoteca de Bajandas.—5ª   Aplicando al caso la Legislación Hipotecaria, se notan desde luego las siguientes infracciones de la Ley Hipotecaria.—"(a).  Artículo 24.—'Los títulos inscritos surtirán su efecto aún contra los acreedores singularmente privilegiados por la legislación común.'—Con arreglo al párrafo 4º del artículo 1,923 del Código Civil, gozan de preferencia sobre determinados bienes inmuebles los créditos anotados en el Registro por mandamiento judicial de embargo.—Como los demandantes no anotaron en el Registro su embargo sobre las dos casas de Bird, hipotecadas á Bajandas, es evidente que carecen de este privilegio para su crédito.—Y con arreglo al párrafo 3º del artículo 1,924 del mismo Código, gozan de preferencia los créditos que sin privilegio especial consten en sentencia firme; pero ya el artículo 1,923, en su párrafo 3º reconoce sobre las sentencias firmes la preferencia de los créditos hipotecarios inscritos.— Luego, ni aún por el embargo, ni aún por la sentencia firme, tienen los demandantes preferencias para pedir la rescisión

de la hipoteca y de su adjudicación á los herederos de Bajandas.—(b). Artículo 36.—Las acciones rescisorias no se darán contra tercero que haya inscrito los títulos de sus respectivos derechos conforme á lo prevenido en esta ley.— Artículo 38. No se rescindirán, pues, los contratos en perjuicio de tercero que haya inscrito su derecho, por enajenaciones verificadas en fraude de acreedores, con exclusión de las exceptuadas en el artículo 37, que son dos: cuando la segunda enajenación se hizo gratuitamente y cuando el tercero ha sido cómplice en el fraude.—Y se considerará cómplice en el fraude—artículo 41—al poseedor del derecho real, cuando se pruebe que le constaba el fin con que la enajenación se hizo y que coadyuvó á ella; cuando hubiese adquirido su derecho por la mitad ó menos del justo precio; y cuando se probare que el poseedor tuvo noticia ó se aprovechó de cualquier especie de suposición ó simulación en el contrato.—No consta por la sentencia recurrida que se hiciere: 1º Ni segunda enajenación gratuita; 2º Ni que Bajandas ó sus herederos fueran cómplices en el fraude; 3º Ni que este fraude exista; 4º Ni que se adquiriera el derecho por la mitad ó menos de su justo valor; 5º Ni que el poseedor tuvo noticia de cualquier simulación; antes al contrario, sabía perfectamente Bajandas que las casas hipotecadas estaban libres, según el Registro, de toda carga, desde hacía treinta años, y sabía también que los demandantes habían embargado otros muchos bienes más.—La sentencia, pues, infringe los artículos de la Ley Hipotecaria citados, al declarar rescindida una hipoteca en fraude de acreedores, que no está comprendida en ninguno de los casos de fraude que enumeran tales artículos, y al no precisar ni aun siquiera en qué consiste ese fraude.—(c). Según el artículo 139, sólo podrán constituir hipoteca voluntaria los que tengan la libre disposición de sus bienes. ó de no tenerlas, se hallen autorizados para ello según las leyes.—Es así que, según el Registro, tenía Bird la libre disposición de sus dos casas y ninguna prohibición se le había puesto sobre ellas judicialmente.—

Luego pudo legalmente hipotecarlos, mucho más cuando habría podido efectuarlo aún en el supuesto de estar anotado el embargo de los López Becerril, según el artículo 71.—6ª Examinando ahora la legislación común que exclusivamente aplica la sentencia recurrida, se han cometido estas infracciones:—(a). El párrafo 3º del artículo 1,291 del Código Civil declara rescindibles los contratos celebrados en fraude de acreedores, cuando éstos no puedan cobrar de otro modo lo que se les deba. Quiere decir que los acreedores han de justificar que no pueden cobrar de otro modo su crédito, puesto que tal es la condición esencial de la ley.—Y esta prueba la da por supuesta el fallo, porque los acreedores demandantes ni siquiera han intentado probar ese necesario é importante extremo. Al contrario, consta probado que además de las dos casas cuya hipoteca pretenden rescindir, embargaron también: 1º Los víveres y mercancías del establecimiento mercantil; 2º Una casa en Fajardo, con almacén y horno de pan; 3º Cuatro solares en la Ceiba, y 4º Sesenta cuerdas en el barrio del Naranjo, de Fajardo. Si los deudores hubiesen dispuesto de estos bienes, presumible es que habrían dicho algo como lo dicen respecto de las dos casas hipotecadas.—(b). Dice el párrafo 2º del artículo 1,297 del Código, que 'se presumen fraudulentas las enajenaciones á título oneroso hechas por aquellas personas contra las cuales se hubiese pronunciado sentencia ó expedido mandamiento de embargo'.—En primer lugar, este artículo habla sólo de *enajenaciones*, y Bird no *enajenó*, sinó que *hipotecó*. En derecho son muy diversos los conceptos de enajenación y de hipoteca. Si la ley hubiese querido incluir los gravámenes, lo habría dicho con su acostumbrada claridad y precisión.—En segundo lugar, dice la ley 'que se presumirán', lo cual quiere decir que se necesita prueba del fraude, porque 'las presunciones no son admisibles sino cuando el hecho de que han de deducirse esté completamente acreditado', artículo 1,249 del Código. Y siendo el fraude el hecho que debe acreditarse, debió comprobarse. Pero léjos

de ésto, resulta : 1º Que los demandantes embargaron todos los bienes de los deudores, que son muchos más de las dos casas hipotecadas;—2º Que Bird no ha enajenado ninguno de esos bienes;—3º Que Bajandas dejó al morir unos 25,000 pesos de capital;—4º Que los demandantes tuvieron *nueve años*, desde Julio de mil ochocientos ochenta y siete, en que se decretó el embargo, hasta Julio de mil ochocientos noventa y seis, en·que Bajandas inscribió su hipoteca, para anotar su embargo preventivo.—(*c*). Por eso la jurisprudencia antigua exigía la prueba *conjunta* de haber sido condenado el deudor al pago de sus deudas y de que procedió con malicia ó engaño en la enajenación ; cuya doctrina infringe el fallo, particularmente en estas sentencias : Para entender que un acreedor *enajena todos sus bienes* en fraude de acreedores, es indispensable que antes haya sido condenado en juicio y que se pruebe. además, que obró con malicia ó engaño.—Seis de Noviembre de mil ochocientos setenta y tres, doce de Enero y veinte y dos de Junio de mil ochocientos setenta y cuatro. —Para la revocabilidad de una venta de bienes, bajo el concepto de haberse verificado en fraude de acreedores, deben éstos justificar que por dicha enajenación se constituyó en insolvencia el deudor.—Once de Mayo de mil ochocientos sesenta y tres.—¿En dónde dice el fallo que Bird procedió con engaño, y que al hipotecar una parte de sus bienes quedó insolvente? Tercer caso de casación:—Si los demandantes sólo piden en la súplica de su demanda ‘ la rescisión de la escritura hipotecaria de nueve de Junio de mil ochocientos noventa y seis, entre Bird y Bajandas, y del acta notarial adicional de fecha reciente entre los herederos de Bajandas y su finada esposa ’, es obvio que el fallo al declarar con lugar la demanda, debió limitarse á lo que pidieron los actores y no extenderse á mandar ‘ cancelar las inscripciones practicadas en el Registro de la Propiedad de las susodichas escrituras ;’ porque tal cosa ni la pidieron las partes, ni pudo el Tribunal acordarlo de oficio, viniendo por consiguiente el fallo á conceder más de lo pedido, que es precisamente el caso 3º de

casación invocado;—En tal sentido se han infringido por el
Tribunal sentenciador:—1° El artículo 358 de la Ley de
Enjuiciamiento Civil, que ordena sean las sentencias claras,
precisas y congruentes con las demandas y las demás preten-
siones deducidas oportunamente en el pleito. Este artículo
está vigente por expresa recomendación del párrafo 59 de la
Orden General número 118, en lo referente al modo de hacer
las sentencias;—2° La doctrina del Tribunal Supremo es-
pañol, en cuyo apoyo pueden citarse estas sentencias:—Las
sentencias deben *limitarse* á decidir los puntos del debate, y
la que traspase esos límites infringe el artículo 359 de la Ley
procesal, del diez y siete de Marzo de mil ochocientos sesenta
y cinco, diez y seis de Diciembre de mil ochocientos sesenta
y cuatro y trece de Enero de mil ochocientos sesenta; la
sentencia no debe resolver lo que ha dejado de ser objeto de
la demanda, del doce de Noviembre de mil ohocientos sesenta
y siete; la sentencia que condena al demandado á más de
lo que se le pidió en la demanda, infringe la Ley de once de
Junio de mil ochocientos setenta y siete, trece y diez y seis
de Diciembre de mil ochocientos ochenta y cuatro;—3° El
párrafo 65 de la Orden General número 118, dice que : ' La
votación se verificará por medio de preguntas sobre las cues-
tiones que hubieren sido objeto del pleito ;' porque si los
actores no pidieron en su demanda que se cancelaran las ins-
cripciones, extendidas en el Registro, de las escrituras cuya
rescisión pidieron, el Tribunal no ha podido votar una cues-
tión que ni se pidió, ni se planteó, ni fué objeto del debate.
—7° Caso de casación:—Error de derecho ó de hecho en la
apreciación de las pruebas, si este último resulta de documen-
tos auténticos ; error que sin clasificarlo ha sido extendido á
toda clase de pruebas por el párrafo 79 de la Orden General
número 118.—Consiste el error alegado al apreciar las prue-
bas, en decir que Bird es insolvente, fundándose tan sólo en la
certificación de la Alcaldía de Fajardo, sobre contribuciones,
cuando de la totalidad de la prueba aparece:—1° Que los
actores embargaron á Guillermo Bird é hijo, un estableci-

miento con víveres y mercancías;—2.º Que á Don Guillermo, le embargaron también dos casas en Fajardo, una casa y cuatro solares en la Ceiba, y sesenta cuerdas de terreno en la jurisdicción de Fajardo;—3.º Que por ningún medio se ha justificado la desaparición total ó parcial de estos· bienes; antes al contrario, la constitución de la hipoteca demuestra que Bird continúa poseyendo esas dos casas desde el año mil ochocientos setenta;—4.º Que según la certificación de la Alcaldía—folio 190—en el mil ochocientos ochenta y siete á mil ochocientos ochenta y ocho, figuraban Guillermo Bird é Hijo con treinta cuerdas de terreno, tres casas, quince cabezas de ganado y un establecimiento de tienda mixta; en los años siguientes ya no aparecen con la tienda—porque se la embargaron los demandantes en Julio de mil ochocientos ochenta y siete—y desde el mil ochocientos noventa y seis en adelante, figura Don Guillermo con la casa de la calle Real;— 5.º No se ha traído certificación de lo que Bird pagaba en la Ceiba, pueblo que constituía municipio hasta hace dos años.—Visto. Siendo Ponente el Juez Asociado Don Louis Sulzbacher.—Considerando: Que según el artículo 1,291 del Código Civil, en su número 3, son rescindibles, entre otros, los contratos celebrados en fraude de acreedores, cuando éstos no puedan de otro modo cobrar lo que se les deba, y que según el 2.º apartado del artículo 1,297 del mismo Código, se presumen fraudulentas las enajenaciones á título oneroso, hechas por aquellas personas contra las cuales se hubiese pronunciado antes sentencia condenatoria en cualquier instancia ó expedido mandamiento de embargo de bienes; por lo que siendo, como eran, Don José Joaquín y Doña Mercedes Alejadrina López Becerril, acreedores de Don Guillermo Bird León, á virtud·de sentencia que adquirió fuerza de ejecutoria en once de Marzo de mil ochocientos noventa y seis, en que fué declarado sin·lugar el recurso de casación contra la misma interpuesto, con la circunstancia de ·haber sido embargadas en el juicio en que recayó dicha sentencia, las dos casas que posteriormente y por escritura pública de

diez y nueve de Junio del propio año hipotecó Don Guillermo Bird, á favor de Don José Calixto Bajandas, y habiendo estimado la Sala sentenciadora que tales acreedores no pueden cobrar lo que se les debe sino mediante la rescisión de dicha escritura, por haber quedado Bird insolvente, cuya apreciación es indiscutible en casación por no haber sido impugnada en debida forma, como más adelante se dirá, es indudable que el contrato de préstamo hipotecario contraído por Bird, á favor de Bajandas, reune todos los requisitos necesarios para calificarlo de fraudulento, sin que hayan sido en su consecuencia infringidos los textos legales anteriormente citados.—Considerando.: Que los artículos 608 y y 1,880 del Código Civil, que también se suponen infringidos, no lo han sido en el concepto alegado de haberse resuelto la cuestión debatida en el pleito, por la legislación civil ó común, sin tener en cuenta la Ley Hipotecaria, pues una y otra ley han sido citadas por el Tribunal sentenciador; aparte de que el recurso de casación sólo·se da contra la parte dispositiva de las sentencias y no contra los considerandos de las mismas.—Considerando: Que los artículos 606, 1,857, 1,923, en su párrafo 4, y 1,924 en su párrafo 3, todos del Código Civil, y los 24 y 139 de la Ley Hipotecaria, no son aplicables al presente caso, en que no se trata de prelación de créditos ni de la nulidad de la hipoteca constituída por Don Guillermo Bird, á favor de Don José Calixto Bajandas, sino de la rescisión de esa hipoteca, compatible con la validez del contrato en que se constituyó, á tenor de lo que dispone el artículo 1,290 del Código citado.—Considerando: Que si bien el artículo 36 de la Ley Hipotecaria preceptúa que las acciones rescisorias no se darán contra tercero que haya inscrito los títulos de sus respectivos derechos, tratándose como se trata de la rescisión de la hipoteca de dos casas otorgada por Don Guillermo Bird, á favor de Don José Calixto Bajandas, ni uno ni otro pueden reputarse tercero respecto de dicho contrato, por haber intervenido en el mismo, con arreglo á. lo que preceptúa el artículo

27 de la ley citada; pero aun en el supuesto de que se repute tercero á Bajandas con relación al pleito que los hermanos López Becerril sostuvieron con la sociedad Guillermo Bird é hijo, tampoco le favorecía el precepto del artículo 36, por cuanto el 37 exceptúa de la regla contenida en aquel artículo las enajenaciones hechas en fraude de acreedores, cuando el tercero haya sido cómplice en el fraude, como lo fué Bajandas por el hecho de haber representado á la sociedad Guillermo Bird é hijo en el pleito en que se practicó el embargo de las dos casas, las que, no obstante ese embargo, fueron hipotecadas luego á su favor, no habiéndose infringido por tanto los artículos 36 y 38 de la Ley Hipotecaria, que también se suponen infringidos en el recurso. — Considerando: Que por todas las razones expuestas es improcedente dicho recurso, en cuanto se funda en el caso 1º del artículo 1,690 de la Ley de Enjuiciamiento Civil; y que también lo es en cuanto se dice autorizado por el número 3· del mismo artículo, pues es congruente con la demanda la sentencia que decide alguna cuestión, que aunque no haya sido objeto de petición expresa, sea inherente á los puntos discutidos en el pleito, como sucede con la cancelación de inscripciones ordenada por el fallo recurrido, que es consecuencia necesaria de la rescisión de las escrituras á que se refieren.—Considerando: Que igualmente es improcedente el recurso, en cuanto se basa en el número 7 del artículo 1,690 ya citado, ó sea por error en la apreciación de las pruebas, pues no se precisa si ese error es de hecho ó de derecho, ni se cita disposición legal infringida en materia de pruebas, ni los documentos que invoca el recurrente demuestran la equivocación evidente del juzgador, toda vez que la circunstancia de haber sido embargados otros bienes á Don Guillermo Bird no es prueba de que en la actualidad sean suyos, máxime cuando la Alcaldía de Fajardo certifica que sólo pagaba contribución por una casa radicada en dicho pueblo, por lo que queda subsistente la apreciación que de las pruebas ha hecho el Tribunal senten-

ciadoŕ respecto de la insolvencia de Don Guillermo Bird.—
Fallamos: Que debemos declarar y declaramos no haber
lugar al recurso de casación interpuesto por las partes
demandadas, á las que condenamos en las costas; y con
devolución de los autos comuníquese esta resolución al
Tribunal de Distrito de Humacao, á los fines procedentes.—
Así por esta nuestra sentencia, que se publicará en la Colec-
ción de Sentencias de este Tribunal, lo pronunciamos, man-
damos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.
—Louis Sulzbacher.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia
por el Sr. Juez Asociado del Tribunal Supremo Don Louis
Sulzbacher, celebrando audiencia pública dicho Tribunal
en el día de hoy, de que como Secretario certifico, en Puerto
Rico, á cinco de Noviembre de mil novecientos dos.—
Antonio F. Castro, *Secretario.*